UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WZ USA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> QIFAN LI and ZHENLING TAO, <br><br> Defendants. | Case No.: 24-cv-08665 (JPC) <br><br> **FINAL JUDGMENT** |

**WHEREAS**, in or around October 2018, Plaintiff, WZ USA, LLC ("Plaintiff"), commenced an action against Defendants QiFan Li ("Li") and Zheling Tao ("Tao") (together, "Defendants") (collectively, the "Parties") in New York State court, index number 655015/2018, asserting, among other things, causes of action for fraud and related claims (the "Litigation");

**WHEREAS**, on or about February 29, 2023, Plaintiff, in settlement of the Litigation, accepted a certain promissory note (the "Promissory Note"), in which Defendants promised, jointly and severally, to pay $525,000.00 to Plaintiff, with 0% interest, in 17 installments, over four years, beginning on July 1, 2023, and to be secured by a mortgage on an apartment owned by Defendants, located at 6G, 650 Sixth Avenue, New York, New York (the "Property");

**WHEREAS**, the parties then entered into a Stipulation of Settlement, dismissing the Litigation with prejudice;

**WHEREAS**, on June 1, 2024, Defendants failed to make an installment payment due, under the Promissory Note, on that date;

**WHEREAS**, Defendants thereby defaulted on their obligations under the Promissory Note and the Stipulation of Settlement;

1

**WHEREAS**, Defendants, after due notice, and an extension of time, failed to cure that default;

**WHEREAS**, under the terms of the Promissory Note, all remaining principal and other amounts owed were immediately due and payable;

**WHEREAS**, on or about November 14, 2024, Plaintiff commenced this action against Defendants (collectively, the "Parties"), ECF 1, asserting three claims for relief: (1) breach of contract and promissory note, (2) foreclosure of mortgage, and (3) fraud/fraudulent inducement;

**WHEREAS**, on or about December 9, 2024, the Parties fully executed a settlement agreement (the "Settlement Agreement") in which, Defendants agreed to pay Plaintiff: (a) a total sum of $387,500 (the "Balance Amount") in two installments: (i) $100,000 on or before December 6, 2024, and (ii) the remaining balance of amounts due under the Settlement Agreement, on or before February 11, 2025 (the "Installment Payments" or "Installment Payment"); (b) accrued interest at the rate of 9% from June 1, 2024, through the date on which the Balance Amount is fully satisfied; and (c) Attorneys' fees Plaintiff incurred or will incur: (i) in connection with securing the Settlement Agreement, and (ii) in connection with enforcing the terms of the Settlement Agreement;

**WHEREAS**, Defendants agreed in the Settlement Agreement that if they failed to pay all or any portion of any Installment Payment when due and after Plaintiff provided a two-day notice to cure, Plaintiff may accelerate the Balance Amount, which becomes immediately due and payable and that Plaintiff will be entitled to the following default remedies: (a) Defendants shall have seven (7) calendar days from the date of receiving a written cure notice to vacate the Property; (b) Defendants shall be liable for daily use and occupancy of the Property in the amount of $2,500 per day, from the date of the default until full compliance with the Settlement

Agreement; (c) the Balance Amount and all overdue and unpaid amounts will be subject to a retroactive interest rate of 16%, beginning from November 1, 2024, until either (i) the Property is sold, or (ii) the Settlement Payment is fully satisfied;

**WHEREAS**, on December 6, 2024, Defendants failed to pay the first Installment Payment in the amount of $100,000;

**WHEREAS**, on or about December 10, 2024, counsel for Plaintiff sent to counsel for Defendants Notices of Default, to Vacate and to Cure, providing a two-day period to cure the default (the "Cure Notice") and advising Defendants that Plaintiff is now entitled to default interest, among other remedies;

**WHEREAS**, since the Cure Notice was sent, Defendants failed to cure the default, and on December 18, 2024, counsel for Plaintiff sent to counsel for Defendants Notices Under Default, informing them that Defendants are in an uncured default status and that Plaintiff is entitled to all default remedies under the Settlement Agreement;

**WHEREAS**, Defendants have fully defaulted under the terms of the Settlement Agreement;

**WHEREAS**, on or about December 13, 2024, Defendants filed an Answer, ECF 4, which admitted Plaintiff's allegations common to all claims for relief, as well as liability on Plaintiff's first and second claims (for relief for breach of contract and promissory note, and foreclosure of mortgage, respectively);

**WHEREAS**, Defendants acknowledge and waive, to the fullest extent permitted by law, all statutory rights, privileges, procedures, defenses, and protections available under New York law in connection with the foreclosure of the mortgage, including but not limited to those set

forth in Article 13 of the New York Real Property Actions and Proceedings Law and in the New York Civil Practice Law and Rules;

**WHEREAS**, Defendants continue to represent to the Court that they hold title to the Property and have not, since February 29, 2023, encumbered it in any fashion;

**WHEREAS**, on or about January 8, 2025, during a telephonic conference, the Court authorized the Parties to submit a Proposed Final Judgment;

**WHEREAS**, the Parties expressly agree to the entry of this Final Judgment and knowingly waive the right to appeal from this Final Judgment;

**NOW THEREFORE IT IS ADJUDGED** that Judgment is entered in favor of Plaintiff, WZ USA, LLC, against Defendants QiFan Li and Zhenling Tao, jointly and severally, on Plaintiff, WZ USA, LLC's first and second claims for relief, and

**IT IS FURTHER ADJUDGED** that Plaintiff is awarded the following relief:

A.   On the First Claim for Relief:

   i.   Compensatory damages in the amount of $387,500.00;

   ii.   Daily use and occupancy damages in the amount of $2,500.00 per month, beginning December 6, 2024, until Defendants fully comply with the terms of the Settlement Agreement;

   iii.   The costs Plaintiff incurred in connection with this action, including reasonable attorneys' fees and other litigation costs reasonably incurred, in the amount of $40,000.00, to date;

   iv.   Default interest at the rate of 9%, beginning from June 1, 2024, through October 31, 2024, in the total amount of $14,619.15;

    v.  Default interest at the rate of 16%, beginning from November 1, 2024, through the date of this Judgment, in the amount of $ 15,864.30 (in the per diem amount of $176.27);

    vi.  Post-judgment interest at the rate of 16%, beginning from the date of this Judgment, in the amount of $176.27 per day, until either (i) the Property is sold or (ii) this Final Judgment is fully satisfied;

  B.  On the Second Claim for Relief:

    i.  Defendants shall execute and deliver to Plaintiff, or its designee, a deed conveying all of Defendants' right, title, and interest in and to the Property to the Plaintiff (the "Deed"), within seven (7) days of the entry of this Final Judgment and shall not otherwise encumber the Property in any fashion;

    ii.  The Deed shall be in a form acceptable to Plaintiff and in compliance with all applicable laws, and Defendants shall cooperate in good faith to execute any additional documents necessary to effectuate the transfer of title;

    iii.  Upon settlement of the Note and delivery and acceptance of the Deed, Plaintiff shall file a satisfaction of judgment with the Court, releasing Defendants from further liability under the terms of the mortgage and note, except for any expressly reserved obligations as set forth in this Final Judgment;

    iv.  If Defendants fail to execute and deliver the Deed within the specified time, Defendants consent and authorize the Court to sign the Deed on their behalf;

    v.  Upon Plaintiff's receipt of the full amount due under the Settlement Agreement plus other owed monies from the sale proceeds, Plaintiff or counsel for Plaintiff shall deliver the Surplus (as defined below) to counsel for Defendants;

    vi.  The surplus shall be calculated by deducting from the net sale proceeds the full amount owed under the Settlement Agreement plus all costs, fees, and expenses incurred by Plaintiff in connection with the sale, including but not limited to attorneys' fees, court costs, closing costs, and other customary expenses related to the sale, as well as any outstanding liabilities associated with the Property, such as property taxes, HOA fees, or other encumbrances and Plaintiff may also deduct from the proceeds any amounts, including accrued interest, due under this judgment that remain unsatisfied; and

    vii.  This Court retains jurisdiction to enforce the terms of this Final Judgment and the Settlement Agreement, and to resolve any disputes arising therefrom.

 Judgment entered this 30th day of January, 2025.

                    _____
                    Hon. John P. Cronan
                    United States District Judge